**Affirmed and Opinion Filed August 27, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00202-CR**

**No. 05-23-00203-CR**

**DOMONIC DWIGHT PIPKIN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F21-55346-P and F21-55347-P**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Molberg

Domonic Dwight Pipkin appeals his convictions for possession of methamphetamine (cause number F21-55346-P) and cocaine (cause number F21-55347-P) in an amount by aggregate weight including any adulterants or dilutants of one gram or more but less than four grams. We affirm the judgments in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

### I. BACKGROUND

The State charged Pipkin with possessing with intent to deliver certain controlled substances—methamphetamine in cause number F21-55346-P, cocaine

in cause number F21-55347-P.  Specifically, the indictments alleged, in part, that on or about May 21, 2021, in Dallas County, Pipkin,

> did unlawfully and knowingly possess with intent to deliver a controlled substance, to-wit: METHAMPHETAMINE, in an amount by aggregate weight, including any adulterants or dilutants, of 1 gram or more but less than 4 grams,[1] [and]

> did unlawfully and knowingly possess with intent to deliver a controlled substance, to-wit: COCAINE, in an amount by aggregate weight, including any adulterants or dilutants, of 1 gram or more but less than 4 grams[.][2]

Each indictment also alleged Pipkin committed the offense in a drug-free zone by stating he committed the offense "in, on and within 1,000 feet of a playground, to-wit:  BECKLEY-SANER  PARK,  located  at  114  W  HOBSON  AVENUE, DALLAS, Dallas County, Texas."

Each indictment also included an enhancement paragraph  alleging that prior to the commission of the charged offenses, Pipkin was "finally convicted of the felony offense of ASSAULT CAUSING BODILY INJURY/ FAMILY VIOLENCE ENHANCED, in the 203RD JUDICIAL DISTRICT COURT of DALLAS County, Texas, in Cause Number F0771681" on February 8, 2010.

Pipkin pleaded not guilty, and the case proceeded to trial.  Both offenses were tried in a single trial.  Six witnesses testified in the guilt-innocence phase.  More than fifty exhibits were admitted into evidence, some over Pipkin's objections.

---

[1] This quotes the indictment in cause number F21-55346-P.

[2] This quotes the indictment in cause number F21-55347-P.

Among the evidence admitted over Pipkin's objections was data extracted from two cell phones found in Pipkin's vehicle at the time of his arrest. This data included, but was not limited to, the text messages and video recording that are the subject of this appeal.[3]

At trial, Pipkin objected to the admission of this data on the grounds that "anything with the exception of what occurred on [May 21, 2021, the date of the alleged offenses] is more prejudicial than relevant [and is] just totally irrelevant unless it relates to what happened on [that date]." The State argued the evidence was relevant and necessary to prove "intent to deliver, intent and knowing." The trial court overruled Pipkin's objections and admitted the data.

In the court's charge to the jury, the jury was instructed on each charged offense and a lesser-included offense of possession of the controlled substance at issue in each case.[4] The verdict forms in each case gave the jury three options,

---

[3] On appeal, Pipkin complains about the admission of text messages "from dates other than the offense date" and the video from State's exhibit 8.

[4] The application paragraphs stated:

Now, if you find from the evidence beyond a reasonable doubt that on or about May 21, 2021, in Dallas County, Texas, the Defendant, Domonic Dwight Pipkin, did then and there knowingly possess with intent to deliver, a controlled substance, to-wit: [methamphetamine in cause number F21-55346-P; cocaine in cause number F21-55347-P], in an amount of 1 gram or more but less than 4 grams, including adulterants or dilutants, then you will find the Defendant guilty of the offense of Possession with Intent to Deliver a Controlled Substance in an amount of 1 gram or more but less than 4 grams, and so say by your verdict of –"guilty."

If you do not so believe, or if you have a reasonable doubt thereof, you will next consider whether the Defendant is guilty of the offense of Possession of a Controlled Substance, namely: [methamphetamine in cause number F21-55346-P; cocaine in cause number F21-

–3–

allowing the jury to either find Pipkin (1) guilty of the charged offense, (2) guilty of the lesser-included offense, or (3) not guilty.

During deliberations, the jury sent a note stating, "We cannot come to an agreement. The opinions haven't changed." The trial court informed counsel about the note, discussed with counsel the possibility of providing an *Allen* charge,[5] and then polled the jury by asking the presiding juror whether it was his feeling that they were completely deadlocked. The presiding juror stated he believed so, and after some additional discussion, jurors suggested they were in agreement on possession but not on possession with intent to deliver.

---

55347-P], in an amount by aggregate weight, including any adulterants or dilutants of 1 gram or more but less than 4 grams, as included in the indictment.

Therefore, if you find from the evidence beyond a reasonable doubt that in Dallas County, Texas, on or about May 21, 2021, [Pipkin], did then and there intentionally or knowingly possess a controlled substance, to-wit: [methamphetamine in cause number F21-55346-P; cocaine in cause number F21-55347-P], in an amount by aggregate weight including any adulterants or dilutants of 1 gram or more but less than 4 grams, then you will find the Defendant guilty of the offense of possession of a controlled substance as included in the Indictment.

If you all agree that the State has proved beyond a reasonable doubt that the defendant is either guilty of possession of a controlled substance with intent to deliver or possession of a controlled substance, but you have a reasonable doubt as to which offense he is guilty of, then you should resolve that doubt in the defendant's favor and find the defendant guilty of the lesser[-]included offense of possession of a controlled substance.

If you do not so believe that the defendant is guilty of either offense, or if you have a reasonable doubt thereof, you will acquit the Defendant, and so say by your verdict of "not guilty."

[5] *See Allen v. United States*, 164 U.S. 492, 501 (1896); *see also Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006) (explaining, "An *Allen* charge is a supplemental charge sometimes given to a jury that declares itself deadlocked. It reminds the jury that if it is unable to reach a verdict, a mistrial will result, the case will still be pending, and there is no guarantee that a second jury would find the issue any easier to resolve.").

The trial court then provided an *Allen* charge to the jury and re-read to the jury a paragraph from the court's charge which stated:

> If you all agree that the State has proved beyond a reasonable doubt that the defendant is either guilty of possession of controlled substance with intent to deliver or possession of a controlled substance but you have a reasonable doubt as to which offense he is guilty, then you should resolve that doubt in the defendant's favor. In other words, give the defendant the benefit of the doubt and find the defendant guilty of the lesser included offense of possession of controlled substance.

The jury then continued deliberations and returned verdict forms in both cases finding Pipkin guilty of the lesser-included offense of possession, and leaving blank the options that would have found him not guilty or guilty of possession with intent to deliver.[6] The jury also found in both cases that Pipkin committed the offense in a drug free zone.[7]

Consistent with Pipkin's election to have the trial court assess punishment, the case then proceeded to the punishment phase before the trial court. During the punishment phase, Pipkin stipulated and pleaded true to the enhancement paragraph

---

[6] The verdict forms stated:

> [cause number F21-55346-P] We, the jury, find the Defendant, Domonic Dwight Pipkin, guilty of the offense of Possession of a Controlled Substance, namely: methamphetamine, in an amount by aggregate weight including any adulterants or dilutants of 1 gram or more but less than 4 grams, as included in the indictment.

> [in cause number F21-55347-P] We, the jury, find the Defendant, Domonic Dwight Pipkin, guilty of the offense of Possession of a Controlled Substance, namely: cocaine, in an amount by aggregate weight including any adulterants or dilutants of 1 gram or more but less than 4 grams, as included in the indictment.

[7] The court's charge to the jury in each case stated that Pipkin stands charged with committing the charged offense "in A Drug Free Zone, namely: on or within 1,000 feet of a playground, to-wit: Beckley-Saner Park, located at 114 Hobson Avenue, Dallas, Dallas County, Texas."

in each case, and the trial court admitted into evidence a written stipulation stating, in part, "The Defendant having stipulated to F0771681, further pleads true and stipulates to the enhancement paragraph contained in the Indictments in Cause Numbers F2155346 and F2155347."

The trial court thereafter signed the judgments at issue, convicting Pipkin of possession of methamphetamine and cocaine, each in amounts of one gram or more, and less than four grams, and sentencing him to ten years' confinement in the Texas Department of Criminal Justice's Institutional Division, with the sentences to run concurrently. The trial court also certified Pipkin's right to appeal, and this appeal followed.

## II. ISSUES AND ANALYSIS

Pipkin raises three issues on appeal, all arguing that the trial court erred in admitting certain evidence over his objections at trial.

### A. Text Messages

In his first two issues, Pipkin argues the trial court erred by admitting cell phone text messages from dates other than the date of the alleged offense in State's exhibits 9, 34, and 52 because such information was irrelevant (first issue) and that any probative value of such information was substantially outweighed by the danger of unfair prejudice (second issue). *See* TEX. R. EVID. 401–03.[8]

---

[8] Rule 401 states, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." TEX. R. EVID. 401. Rule 402 states, in part, "Irrelevant evidence is not admissible." TEX. R. EVID. 402. Rule

These arguments are consistent with the objections Pipkin made at trial,[9] and we consider the arguments below. We will not consider, however, arguments that Pipkin did not raise below, including any argument under rule 404,[10] as Pipkin failed to preserve error on any issue under rule 404. *See* TEX. R. APP. P. 33.1(a).[11]

We review the admission or exclusion of evidence for abuse of discretion. *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018); *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). "Under this standard, the trial court's decision to admit or exclude evidence will be upheld as long as it was within the 'zone of reasonable disagreement.'" *Beham*, 559 S.W.3d at 478.

On this record, considering the charged offenses—possession with intent to deliver methamphetamine and cocaine—and the nature of the evidence in question,[12] we conclude the trial court did not abuse its discretion in admitting the cell phone

---

403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403.

[9] At trial, Pipkin objected to the evidence by stating, "[A]nything with the exception of what occurred on [May 21, 2021, the date of the alleged offenses] is more prejudicial than relevant [and is] just totally irrelevant unless it relates to what happened on [that date]," thereby raising objections covered by rules 401, 402, and 403. *See* TEX. R. EVID. 401–03.

[10] Rule 404 concerns the admissibility of evidence of a person's character or character trait or evidence of a crime, wrong, or other act. *See* TEX. R. EVID. 404.

[11] Pipkin mentions rule 404 in his appellate brief when describing applicable law but did not object at trial to the text messages based on any rule 404 arguments and does not apply rule 404 to the record before us. While it is not entirely clear that he is attempting to raise a rule 404 issue on appeal, to the extent he is, we conclude he failed to preserve error on any issue under rule 404. *See* TEX. R. APP. P. 33.1(a).

[12] State's exhibit 9, 34, and 52 contained a total of more than 2,000 text messages sent or received between September 7, 2020 and May 21, 2021. Darryl Womack, a Dallas Police Department Narcotics Detective, testified about the meaning of many of the text messages, explaining what he perceived to be references to methamphetamine and rock cocaine. He opined that, based on the totality of circumstances, which included the text messages, rather than merely possessing methamphetamine and cocaine, Pipkin possessed methamphetamine and cocaine with intent to deliver them.

text messages from dates other than the date of the alleged offense in State's exhibits 9, 34, and 52, because it was within the zone of reasonable disagreement to conclude such information was relevant to Pipkin's intent to deliver methamphetamine and cocaine and to conclude the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Pipkin's arguments to the contrary not only ignore the evidence's clear relevance to the charged offenses but also fail to explain why the probative value of the text messages, the majority of which were innocuous, was substantially outweighed by any unfair prejudice under rule 403.

Moreover, even if we concluded the trial court erred in admitting this evidence under rules of evidence 401, 402, or 403, Pipkin has made no argument regarding any resulting harm to his substantial rights under rule of appellate procedure 44.2(b). *See* TEX. R. APP. P. 44.2(b) (requiring us to disregard a non-constitutional error that does not affect a criminal defendant's "substantial rights."). Considering Pipkin was ultimately acquitted of the charged offenses of possession with intent to deliver the controlled substances,[13] we agree with the State that no harm has been shown in the record before us. *Id*.

We overrule Pipkin's first and second issues.

---

[13] *See Sandoval v. State*, 665 S.W.3d 496, 537 (Tex. Crim. App. 2022), *cert. denied*, 144 S. Ct. 1166 (2024) (Article 37.08 "contemplates that a jury's conviction of the lesser offense will also be an acquittal of the greater offense); *see also* TEX. CODE CRIM. PROC. art. 37.08 ("In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense.").

**B.      Video**

In his third issue, Pipkin argues the trial court erred in admitting the cell phone video recording contained within State's exhibit 8 because it was irrelevant.[14]  At trial, Pipkin made the same objection, and in response, the State noted that the video was contained within State's exhibit 8, which had already been admitted into evidence.  The trial court overruled the objection.

On appeal, Pipkin again argues the video was irrelevant and claims it was only used to associate Pipkin with gangs and guns.  In its response, the State does not address the video's relevance but argues the video was already in evidence and that, even if the trial court erred in allowing the video, the error was harmless.

While we agree with Pipkin that the video has little, if any, relevance, we agree with the State that, even if we assume, without deciding, that the trial court erred in admitting it, the error was harmless.  *See* TEX. R. APP. P. 44.2(b).  As with his first two issues, in his third issue, Pipkin again suggests no harm.

Texas Rule of Appellate Procedure 44.2(b) requires us to disregard a non-constitutional error that does not affect a criminal defendant's "substantial rights." Under that rule, an appellate court may not reverse for non-constitutional error if the court, after examining the record as a whole, has fair assurance the error did not have

---

[14] The video, which runs for a total of only sixteen seconds, does not depict Pipkin.  Instead, it depicts Pipkin's niece making hand gestures that might be construed as a gang sign and appears to mimic the use of a gun.

–9–

a substantial and injurious effect or influence in determining the jury's verdict. *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004).

We have that fair assurance here, as the video depicts Pipkin's niece, not Pipkin, is only sixteen seconds in length, and has no connection to the substances in question or to Pipkin's possession of them. As with the other data extracted from Pipkin's phone, the video was already in evidence and was offered in the State's attempt to prove Pipkin's intent to deliver the controlled substances as part of the charged offenses—offenses for which Pipkin was acquitted. *See* Tex. R. App. P. 44.2(b). On this record, we have a fair assurance that the alleged error in admitting the video "did not have a substantial and injurious effect or influence in determining the jury's verdict." *See id.*

We overrule Pipkin's third issue.

### III. Conclusion

We affirm the trial court's judgments.

/Ken Molberg/
_____
KEN MOLBERG
JUSTICE

230202f.u05
230203f.u05
Do Not Publish
Tex. R. App. P. 47.2(b)

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DOMONIC DWIGHT PIPKIN,
Appellant

No. 05-23-00202-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F21-55346-P.
Opinion delivered by Justice
Molberg. Justices Nowell and
Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 27th day of August, 2024.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DOMONIC DWIGHT PIPKIN,
Appellant

No. 05-23-00203-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F21-55347-P.
Opinion delivered by Justice
Molberg. Justices Nowell and
Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 27th day of August, 2024.